### URY et al. v. MAZER CIGAR MFG. CO.

(Circuit Court of Appeals, Eighth Circuit. October 28, 1918.)

#### No. 5045.

1. COURTS ⬅328(10)—FEDERAL COURTS—JURISDICTIONAL AMOUNT.

The federal court had jurisdiction of a suit for unfair and fraudulent competition, where the value of the right to be protected by the injunction exceeded the jurisdictional amount, even though the damages recovered were less than such amount.

2. TRADE-MARKS AND TRADE-NAMES ⬅78—UNFAIR COMPETITION—WHAT CONSTITUTES.

Where defendant copied complainant's cigar containers, the fact that each did business in distant cities, and defendant's containers did not come into competition with those of complainant, other than containers on which complainant pasted a customer's name, *held* not to defeat a suit for unfair competition.

3. TRADE-MARKS AND TRADE-NAMES ⬅93(3)—UNFAIR COMPETITION—EVIDENCE.

Evidence *held* to show that defendant, who was bookkeeper and salesman, engaged with another, who was guilty of unfair competition, was a guilty participant.

Appeal from the District Court of the United States for the Eastern District of Missouri; David P. Dyer, Judge.

Suit by the Mazer Cigar Manufacturing Company against Harriet Ury and another. From a decree for complainant, defendants appeal. Affirmed.

Chester H. Krum, of St. Louis, Mo., for appellants.
James Love Hopkins, of St. Louis, Mo., for appellee.

Before HOOK and CARLAND, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. In a suit by the Mazer Cigar Manufacturing Company against Harriet and Richard Ury for unfair trade and fraudulent competition by closely copying the size, color, and marks of its tin containers for hand-made cigars, the trial court gave plaintiff a decree of injunction and for an accounting. Upon the accounting plaintiff was awarded $346.60 and interest. The defendants appealed, and have specified four errors on which they rely.

[1] 1. That the amount in controversy was not sufficient to confer jurisdiction. But there was proof that plaintiff's property right

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

which it sought to protect by the suit was of a value much more than the jurisdictional requirement. It is a familiar rule that the test is the value of the right to be protected against a continuing violation, not the amount of loss or damage actually caused by the trespass to date.

2. That plaintiff's claim on the merits was without equity. Upon this a comparison of the containers shows a close resemblance well calculated to deceive the ordinary purchaser. Moreover, there was convincing proof that the defendants had the plaintiff's containers copied in form, marks, and appearance, with the evident intention of appropriating to themselves its trade and good will.

[2] 3. That defendants were not competitors of plaintiff, and therefore there was no unfair competition. This contention rests upon the fact that plaintiff, a Michigan corporation, made and sold its product from Detroit, and that defendants' sales were confined to St. Louis, Mo., and neighborhood; also that the only competitive contact in St. Louis was with a customer and distributor of plaintiff, whose name was printed on the containers. This practice was in accord with established business methods, in which there was no intent to deceive the public, and it does not affect the right to protection. There was in fact a fraudulent competition.

[3] 4. That the liability of defendant Richard Ury was not shown. The evidence disclosed that the business in which the unfair and fraudulent acts were committed belonged to Harriet Ury, and was conducted largely by her two sons. One of them, Richard, was a salesman and the bookkeeper. He conducted the correspondence with the concern in Pennsylvania which resulted in the manufacture of the imitating containers. We have no doubt of his guilty participation.

The decree is affirmed.